# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. MASON, on behalf of himself, all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>HEEL, INC., a New Mexico Corporation,<br><br>Defendant. | Case No. 3:12-cv-3056-GPC-KSC<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL, APPROVING NOTICE PLAN, AND SETTING FINAL APPROVAL HEARING**<br><br>**(ECF NO. 26)** |

Named plaintiff Robert A. Mason and defendant Heel, Inc. have, after arms-length settlement discussions, entered into a Settlement Agreement ("Agreement"), dated July 30, 2013, which, if finally approved, would resolve this putative class action case ("Litigation").

The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

1

Before and during the pendency of the Litigation, Class Counsel conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named Plaintiff's and Class's claims to determine how best to serve the interests of Plaintiff and the Class.  During the course of this extensive examination, Class Counsel reviewed extensive documentation produced by Defendant, including marketing data, label and package mechanicals, sales figures, unit sales, promotional materials, package materials, clinical studies regarding the Products, a list of doctors recommending the Products, distributors and their invoices for the Products during the class period, and other detailed financial information produced by Defendant.  Class Counsel has conducted a thorough review of the federal Food, Drug and Cosmetic Act ("FDCA"), its numerous changes over the years, and its implementing regulations with respect to homeopathic drugs, which California law adopts as its own.  *See* Cal. Health & Safety Code §§ 110105, 110110, 110111, 110115.  Class Counsel has carefully considered the merits of Plaintiff's claims, and the defenses raised by Defendant.

The Parties also fully briefed Defendant's Motion to Dismiss Plaintiff's Complaint, brought on grounds that included, among other things, Defendant's contentions that Plaintiff's claims lacked plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b), were what Defendant termed "lack of substantiation" claims, and were preempted by the FDCA.  (*See* ECF Nos. 6, 10, 11, 13, 14, 15, 23.)

The Agreement was reached only after this extensive investigation and discovery was conducted during the Litigation, and was the result of protracted negotiations conducted by the Parties with the assistance of former U.S. Magistrate Judge, Hon. Leo Papas (Ret.).  Over the course of several months, the Parties engaged in numerous joint and individual mediation sessions with Judge Papas in order to reach the terms of the Agreement.  Based on the briefing on Defendant's Motion to Dismiss, which was extensive, the Parties also fully understood the

1  nature, strength, and weaknesses of each other's claims and defenses. (*See id.*)

2  Plaintiff and Class Counsel maintain that the Litigation and the claims asserted herein are meritorious and that Plaintiff and the Class would have prevailed at trial. Notwithstanding, Plaintiff and Class Counsel have agreed to settle the Litigation pursuant to the provisions of the Agreement, after considering, among other things: (i) the substantial benefits to Plaintiff and the Class under the terms of the Agreement; (ii) the inherent uncertainty of whether Plaintiff and the Class would prevail at trial; (iii) the inherent uncertainty relating to Defendant's ability to prevail on its defenses and the anticipated expense of additional motion practice in connection therewith; (iv) the issues relating to proving damages on an individual Class Member basis; (v) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vi) the desirability of consummating the Agreement promptly in order to provide effective relief to Plaintiff and the Class.

Plaintiff and Class Counsel agree the Agreement is fair, reasonable, and adequate because it provides substantial benefits to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Litigation.

Defendant expressly denies any wrongdoing alleged in Plaintiff's Complaint, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Litigation. Defendant nonetheless considers it desirable for the Litigation to be settled and dismissed, because, once finally approved, the Agreement will: (i) avoid further expense and disruption of the management and operation of Defendant's business due to the pendency and defense of the Litigation; (ii) finally put Plaintiff's and the Class' claims and the underlying matters to rest; and (iii) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiff and the Class on the claims alleged in Plaintiff's Complaint.

The Court has read and considered the Agreement and all exhibits attached thereto, including the proposed notices and claim form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) certifying a class for settlement purposes; (3) appointing Plaintiff Robert A. Mason as Class Representative and his counsel as Class Counsel; (4) directing that Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

Based on the foregoing, the Court hereby **GRANTS** the Parties' Joint Motion for Preliminary Approval and makes the following findings and orders:

1.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies, for purposes of settlement, this Litigation as a class action on behalf of the following Class:

> All U.S. consumers who purchased the Products listed in Exhibit D to the Agreement, for household or personal use, during the Class Period (as defined by Paragraph 1.7 of the Agreement) are included. Excluded from the Class are: Heel; persons who during or after the Class Period were officers or directors of Heel, or any corporation, trust or other entity in which Heel has a controlling interest; Heel employees; the members of the immediate families of Heel employees or their successors, heirs, assigns and legal representatives; and any judicial officer hearing this Litigation, as well as their immediate family members and employees.

2.  The Court finds that the Class meets the requirements of Rule 23(a), (b)(2), and (b)(3) of the federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only. In particular, each Class Member's claim depends on whether the representations made by Defendant on the packaging, labeling, and marketing of the Products, which were uniform throughout the United States, were misleading to a reasonable consumer. The Plaintiff's claims are typical of, indeed identical to, those of the

1  Class, as Plaintiff was exposed to Defendant's claims and purchased the Products
2  in reliance on those claims. The Plaintiff and his counsel will fairly and adequately
3  protect the interests of the Class, as Plaintiff has no interests antagonistic to the
4  Class, and has retained counsel who are experienced and competent to prosecute
5  this matter on behalf of the Class. Finally, a class settlement is superior to other
6  methods available for a fair resolution of the controversy.

7      3.    The Court approves Plaintiff Robert A. Mason as Class
8  Representative.

9      4.    Having considered the factors set forth in Rule 23(g)(1) of the Federal
10 Rules of Civil Procedure, the Court appoints Plaintiff's counsel, the Law Offices of
11 Ronald A. Marron, APLC to serve as Class Counsel.

12     5.    The Court preliminarily approves the Agreement, finding that its
13 terms appear sufficient, fair, reasonable, and adequate to warrant dissemination of
14 Notice of the proposed settlement to the Class. The Agreement contains no
15 obvious deficiencies and the parties have entered into the Agreement in good faith,
16 following arms-length negotiation between their respective counsel. The Court's
17 approval of this Agreement is made subject to further consideration at the Final
18 Approval Hearing Date.

19     6.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the
20 Court will hold a final approval hearing (the "Final Approval Hearing Date") on
21 **March 7, 2014, at 1:30 p.m.**, in Courtroom 2D before the undersigned judge of
22 the United States District Court for the Southern District of California, for the
23 following purposes:

24     a.    to finally determine whether the Class meets all applicable
25     requirements of Federal Rules of Civil Procedure 23(a), (b)(2), and
26     (b)(3), for purposes of effectuating the Agreement;

27
28

     b. to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be finally approved by the Court;

     c. to consider the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

     d. to consider the application of the named Plaintiff for a class representative incentive award, as provided for in the Agreement;

     e. to consider whether the Court should enter the proposed Judgment, Final Order and Decree;

     f. to consider whether the release by the Class Members of the Released Claims as set forth in the Agreement should be provided; and

     g. to otherwise rule upon such matters as the Court may deem just and appropriate.

7. Class Members must file and serve any objections to the proposed settlement no later than **thirty (30)** calendar days prior to the Final Approval Hearing Date and must include any memoranda and/or other submissions in support of the objections. This deadline to file and serve objections shall be set forth in the Class Notice.

8. All papers in support of the Agreement, including the Parties' Joint Motion for Final Approval and any response to an objection, must be filed with the Court and served at least **twenty-one (21)** calendar days prior to the Final Approval Hearing date.

9. Any applications for an award of attorney fees, costs, and/or a class-representative incentive award must be filed with the Court and served at least **forty-five (45)** calendar days prior to the Final Approval Hearing date. After filing, any such applications shall be posted on the Settlement Website for review by Class Members.

10.     The Court approves the form and procedure for disseminating Notice of the proposed Settlement to the Class as set forth in the Agreement.  This Litigation concerns retail products for which the Parties do not have direct notice information for class members.  Accordingly, the Notice Plan provides for notice to the Class by publication.  The Court finds that the Notice Plan submitted by the Parties constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including Rule 23 and the Due Process Clause of the United States Constitution.

11.     Within **thirty (30)** calendar days after the date this Order is entered, Defendant shall disseminate the Class Notice in the form attached to the Agreement as **Exhibit B**, Summary Notice in the form attached thereto as **Exhibit C**, and the Claim Form in the form attached thereto as **Exhibit A**.  The manner and form of such dissemination shall be as set forth in the Notice Plan attached as **Exhibit G** to the Agreement.

12.     The Court approves the designation of SEOmap to serve as the Court-Appointed Class Action Administrator.  The Class Action Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

13.     The Court directs the Class Action Administrator to establish a Class Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or via mail, the Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Agreement.  The Claim Form shall be made available to Class Members through the Class Settlement Website, no later than **fifteen (15)** calendar days after the date of this Order, and continuously thereafter through the Claim-In Period (defined below).

14. As set forth in the Agreement, the costs and expenses associated with the Class Notice, processing of claims, creating and maintaining the Class Settlement Website, and all other Class Action Administrator and Class Notice expenses shall be paid from the Settlement Fund. The Class Action Administrator is authorized to receive reimbursement of its out-of-pocket notice publication expenses from the Settlement Fund pursuant to this Order, with Class Counsel's approval.

15. No later than **fourteen (14)** days prior to the Final Approval Hearing Date, Defendant, through the Class Action Administrator, shall file an affidavit and serve a copy on Class Counsel, attesting that notice was disseminated as required by the terms of the Notice Plan or as ordered by the Court. Defendant shall also notify Class Counsel of the costs of attaining the labeling changes per the injunctive relief set forth in the Agreement.

16. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

17. Any Class Member who wishes to participate in the settlement shall complete a Claim Form and submit it to the Class Action Administrator no later than **ninety (90)** calendar days after the date the Court enters the final judgment approving the settlement ("Claim-In Period"). Such deadline may be further extended without notice to the Class by Court order.

18. Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such person must submit a completed request for exclusion to the Clerk of the Court postmarked or delivered no later than **thirty (30)** calendar days before the Final Approval Hearing date ("Opt-Out and Objection Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

19. Any Class Member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person is a member of the Class.  All persons who submit valid and timely requests for exclusion shall not be bound by the Agreement or the Final Judgment and Order.

20. Any person falling within the definition of the Class may object to the Agreement.  Objections purportedly filed on behalf of groups of persons are prohibited and will be deemed void.  To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Litigation, and must contain the following information:  (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s).

21. A request for exclusion, or an objection that does not include all of the foregoing information, that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person serving such a request shall be deemed a member of the Class, and shall be bound as a Class Member by the Agreement.  The Class Action

1  Administrator shall promptly forward copies of all requests for exclusion and
2  objections to Class Counsel and counsel for Defendant.

3      22.    If a Class Member hires an attorney to represent him or her in support
4  of a timely and properly submitted objection, and the attorney wishes to appear at
5  the Final Approval Hearing, in addition to the foregoing requirements, that
6  attorney must (1) file both an entry of appearance and a notice of intention to
7  appear and participate at the Final Approval Hearing with the Clerk of the Court no
8  later than **thirty (30)** calendar days before the Final Approval Hearing, and (2)
9  mail copies of the entry of appearance and the notice of intention to appear and
10 participate at the Final Approval Hearing to Counsel for Defendant and Class
11 Counsel, postmarked no later than **thirty (30)** calendar days before the Final
12 Approval Hearing.

13     23.    A Class Member who appears at the Final Approval Hearing, either
14 personally or through counsel, will be permitted to argue only those matters that
15 were set forth in the timely and validly submitted written objection filed by such
16 Class Member.  No Class Member shall be permitted to raise matters at the Final
17 Approval Hearing that the Class Member could have raised in his/her written
18 objection, but failed to do so, and all objections to the Agreement that are not set
19 forth in a timely and validly submitted written objection are deemed waived unless
20 the Class Member can demonstrate good cause for having failed to raise an
21 objection in a timely and validly submitted written objection.

22     24.    If a Class Member wishes to present witnesses or evidence at the Final
23 Approval Hearing in support of a timely and validly submitted objection, all
24 witnesses must be identified in the objection, and true and correct copies of all
25 supporting evidence must be appended to, or filed and served with, the objection.
26 Failure to identify witnesses or provide copies of supporting evidence in this
27 manner waives any right to introduce such testimony or evidence at the Final
28 Approval Hearing unless the Class Member can demonstrate good cause for having

failed to identify witnesses or provide copies of supporting evidence with his/her objection. While a Class Member's declaration that he or she is a Class Member is prima facie evidence that the objector is a member of the Class, Plaintiff or Defendant or both may, subject to Court approval, take discovery regarding the matter.

25. Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

26. All objections must be filed with the Clerk and served on the parties' counsel no later than the Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Final Approval Hearing. A Class Member's failure to submit a written objection within the Opt-Out and Objection Deadline, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the Settlement, the Agreement, attorneys' fees and costs, the Class Representative's incentive award, or to appeal or seek other review of the Final Judgment and Order.

27. Class Members who do not oppose the Settlement, the applications for attorney fees, costs, and/or a Class Representative incentive award need not take any action to indicate their approval.

28. Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration, government action, administrative or

1 regulatory proceeding or order in any jurisdiction, forum or tribunal asserting any
2 Released Claims.  In addition, all persons are preliminarily enjoined from filing,
3 commencing or prosecuting a lawsuit as a class action (including by seeking to
4 amend a pending complaint to include class allegations or by seeking class
5 certification in a pending action in any jurisdiction) on behalf of Class Members,
6 or asserting any Released Claims.  Nothing herein shall require any Class Member
7 to take any affirmative action with regard to other pending class action litigation in
8 which he or she may be an absent class member.

9       29.   The Agreement and the proceedings and statements made pursuant to
10 the Agreement or papers filed relating to the approval of the Agreement, and this
11 Order, are not and shall not in any event be construed as, offered in evidence as,
12 received in evidence as, and/or deemed to be evidence of a presumption,
13 concession, or an admission of any kind by any of the Parties of (i) the truth of any
14 fact alleged or the validity of any claim or defense that has been, could have been,
15 or in the future might be asserted in the Litigation, any other litigation, court of law
16 or equity, proceeding, arbitration, tribunal, investigation, government action,
17 administrative proceeding, or other forum, or (ii) any liability, responsibility, fault,
18 wrongdoing, or otherwise of the Parties.  Defendant has denied and continues to
19 deny the claims asserted by Plaintiff.  Nothing contained herein shall be construed
20 to prevent a Party from offering the Agreement into evidence for the purposes of
21 enforcement of the Agreement.

22       30.   The certification of the Class shall be binding only with respect to the
23 settlement of this Litigation.  In the event that the Agreement is terminated
24 pursuant to its terms or is not finally approved by the Court, or such approval is
25 reversed, vacated, or modified in any material respect by this or any other Court,
26 the certification of the Class shall be deemed vacated, the Litigation shall proceed
27 as if the Class had never been certified (including Defendant's right to oppose any
28 subsequent motion for class certification), and no reference to the Class, the

Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

31. The hearing on the Parties' Joint Motion for Preliminary Approval, currently set for November 1, 2013, at 1:30 p.m., is **VACATED**.

**IT IS SO ORDERED.**

DATED: October 30, 2013

HON. GONZALO P. CURIEL
United States District Judge